UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMED ALI TARRAF,
Camille Chamoun Gallery,
Semaan, Abo Taam Building 2nd Fl,
Beirut, Lebanon

Plaintiff

Case No.

COMPLAINT

Against

The Consul at the U.S. Embassy in Lebanon
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

Defendant

_____/

## PETITION FOR WRIT OF MANDAMUS

### INTRODUCTION

1. This is an action brought by plaintiff, MOHAMED ALI TARRAF, to compel a decision on his application for an immigrant visa which has been pending with the Consul at the U.S. Embassy in Lebanon for over two years.

### JURISDICTION

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## STANDING

3. The plaintiff has a legally protected interest in a timely decision by the Consul at the U.S. Embassy in Lebanon on his application for immigrant visa and (1) the invasion of this right has caused him concrete and particularized injury in that as a result of this invasion he has been barred from even being considered for lawful admission to the United States for permanent residence; (2) there is a causal connection between the injury-in-fact and the defendant challenged behavior in that it is precisely that defendant's failure to adjudicate his immigrant visa application which prevents the plaintiff from applying to the U.S. for admission for lawful permanent residence and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give the plaintiff an opportunity to apply for immigrant visa and ultimately for lawful admission to the U.S. for permanent residency, which he is currently lacking. Kurapati v. U.S. Bureau of Citizenship & Immigration *Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury), *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain). Accordingly, the plaintiff has standing to complain of the actions of defendant. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities, brought in the district where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

The Defendant is sued in his/her official capacity. The U.S. Embassy in Lebanon is under the Department of State, a United States federal agency headquartered in the District of Columbia.

## DESCRIPTION OF PARTIES

5. MOHAMED ALI TARRAF is a citizen and national of Lebanon, residing in Lebanon.

6. The Defendant is the Consul at the U.S. Embassy in Lebanon, and as such has the authority to issue immigrant visas. He/she resides for official purposes in the District of Columbia.

## BRIEF STATEMENT OF RELEVANT FACTS

7. On November 16, 2020, the National Visa Center completed its processing of the immigrant visa application and forwarded it to the U.S. Embassy in Lebanon for immigrant visa's interview.

8. After the visa's interview on December 11, 2020, plaintiff was informed that his immigrant visa was approved, and he was provided with the instructions for his passport and immigrant visa delivery.

9. Before the immigrant visa delivery date, plaintiff was instructed by the U.S Embassy in Lebanon to submit additional background information (DS-5535, Supplemental Questions for visa applicants)

10. On the delivery date, plaintiff received his passport without the immigrant visa approval.

11. Thereafter, the U.S. Embassy in Lebanon halted communicating with him.

12. To the best of his knowledge and belief, no further action has been taken in MOHAMED ALI TARRAF's case by the Consul at the U.S. Embassy in Lebanon

    since his passport was returned on or about December 2020.

13. MOHAMED ALI TARRAF has not received any substantive information regarding their matters since that time.

## COUNT I

THE CONSUL AT THE U.S. EMBASSY IN LEBANON BREACHED THEIR DUTY TO MOHAMED ALI TARRAF TO MAKE A FINAL DECISION ON HIS IMMIGRANT VISA APPLICATION WITHIN A REASONABLE TIME.

14. The Consul at the U.S. Embassy in Lebanon is an officer of the United States Department of State, an agency of the United States government.

15. The Consul at the U.S. Embassy in Lebanon owes a duty to MOHAMED ALI TARRAF to make a decision regarding his immigrant visa application within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

16. The over two years in which MOHAMED ALI TARRAF's application has been pending with the Consul at the U.S. Embassy in Lebanon is well beyond the time which is reasonably required to adjudicate it.

17. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiff.

18. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

19. The Ninth Circuit has held that consulates may be required to issue or refuse a visa:

> A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA and the implementing regulations, the consular officer shall either issue or refuse the visa.

> Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." In addition, the section is entitled, "Issuance or refusal mandatory."

*Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997)

## **RELIEF REQUESTED**

WHEREFORE it is respectfully requested that the Court finds that an adjudication of MOHAMED ALI TARRAF's application for immigrant visa to have been unreasonably delayed and compels the Consul at the U.S. Embassy in Lebanon, to adjudicate his immigrant visa application in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this 11th day of April 2023

s/ *Abathar ALKUDARI*  P80330
Attorney for the Plaintiffs
At Law Group PLLC
3 Parklane Blvd, Suite 1500W
Dearborn, MI 48226

313-406-7606

Email: aa@atlawgroup.com